

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |
|---|---|
| § | No. 08-13-00332-CV |
| § | |
| IN THE MATTER OF J.M.D.D.L.C., § A JUVENILE. | Appeal from the |
| § | 65th District Court |
| § | of El Paso County, Texas |
| § | (TC# 11,01433) |

## O P I N I O N

Appellant J.D.L.C., a juvenile previously adjudicated as delinquent, appeals the trial court's modification of the terms of his probation to include placement in an out-of-home rehabilitation program. We affirm.

## BACKGROUND

In 2012, Appellant was adjudicated delinquent for misdemeanor assault. The juvenile court placed him on supervised probation. In May 2013, the State moved to modify Appellant's disposition based on violation of probation terms. The trial court ordered continued supervised probation with electronic monitoring based on an agreed order of disposition entered May 15, 2013.

On September 10, 2013, the State again moved for modification of disposition, which led to the order at issue in this appeal. The State alleged that Appellant violated the terms of his

probation by using marijuana, failing to remain at school until his parents picked him up, and associating with negative peers. Pursuant to TEX.FAM.CODE ANN. § 54.05(e)(West 2014), the juvenile court held separate hearings on the issues of the probation violation merits and disposition.

During the probation violation hearing, Appellant pleaded true to using marijuana four times while on probation. He also pleaded true to failing to remain on school grounds after school until he was picked up by his parents and failing to go to his place of confinement accompanied by his parents. The juvenile court accepted his pleas and set the second hearing on disposition for a later date.

At the disposition hearing, El Paso County Juvenile Probation Officer Lorenzo Porter testified that Appellant repeatedly violated the terms of his probations, had already had his probation terms modified once before, continued to use marijuana, and was defiant toward his parents. Appellant tested positive for marijuana usage four times in 2013. Officer Porter further testified that he believed Appellant's risk of re-offending was high. Porter testified that Appellant was passing six out of seven classes at the Delta Academy, with no grade for biology. Appellant had only one unexcused absence, as opposed to 46 unexcused absences at his previous high school. In Officer Porter's opinion, Appellant's best interests would be served by placing him into the Samuel F. Santana Challenge Academy ("Challenge Academy"), a facility run by the El Paso County Juvenile Probation Department.[1] Officer Porter also stated that Appellant's parents had agreed with his recommendation.

---

[1] According to the El Paso County web site, the Challenge Academy is a "military-style correctional facility and aftercare program that aims to inhibit criminal activity and recidivism through the implementation of evidence-based programming, substance abuse treatment and life skills for the overall growth and development of [its] cadets and their families." El Paso Cnty. Juvenile Prob. Dep't, *Samuel F. Santana Challenge Academy*, http://www.epcounty.com/jvprobation/challenge.htm (last visited Jan. 23, 2015). The program entails a "full term, 210 day residential program, designed for 14-17 year old males and females who have exhausted the department's continuum of services, and are in need of long-term behavioral modification or drug and alcohol treatment for dependency[.]" *Id*.

2

On cross-examination, Officer Porter stated that Appellant had never been placed in a level four probation program such as ISP or the Drug Court, or in a level five probation program such as CAAP or APECS.[2] Porter clarified that ISP and the Drug Court both declined to accept Appellant and instead recommended that Appellant be placed in the Challenge Academy . Porter also testified that Appellant told him he wanted to do the Challenge Academy because it would allow him to get his G.E.D. and graduate from high school in a shorter period of time.

In comments Appellant made at the close of the case, he stated that he knew what he had done was wrong and asked for a second chance. He stated that he could comply with probation requirements, he had just chosen not to in the past. The juvenile referee sustained the State's motion to modify disposition and ordered Appellant to continue serving probation at the Challenge Academy. This appeal followed.

## DISCUSSION

In his sole issue, Appellant claims the trial court abused its discretion by placing him at the Challenge Academy when less restrictive probation options were available. We disagree.

### *Standard of Review and Applicable Law*

Once a juvenile has been adjudicated delinquent and placed on probation at a disposition hearing, TEX.FAM.CODE ANN. § 54.05 *et seq.* governs modifications of the disposition order. The juvenile court may modify a disposition order if it "finds by a preponderance of the evidence that the child violated a reasonable and lawful order of the court." TEX.FAM.CODE ANN. § 54.05(f). "The court shall specifically state in the order its reasons for modifying the

---

[2] According to the El Paso County Juvenile Probation Department web site, CAAP is a "short term, 10 days residential program, designed to work with 14-17 year old males and females whom had not adhered to their conditions of placement in the community and are in need of a short-term intensive behavioral modification period. CAAP is a 10-day reminder to participants that they will be held accountable for their actions[.]" APECS is a "short/intermediate term, 60 day residential program, designed to work with 14-17 year old males and females who have not adhered to their conditions of placement in the community and are in need of a stabilization period due to behavioral issues, drug use and family issues[.]" El Paso Cnty. Juvenile Prob. Dep't, *Samuel F. Santana Challenge Academy*, http://www.epcounty.com/jvprobation/challenge.htm.

3

disposition and shall furnish a copy of the order to the child." TEX.FAM.CODE ANN. § 54.05(i).

If the court modifies the disposition so as to place the child on probation outside the child's

home, the order must contain the following findings:

> (A) it is in the child's best interests to be placed outside the child's home;
>
> (B) reasonable efforts were made to prevent or eliminate the need for the child's removal from the child's home and to make it possible for the child to return home; and
>
> (C) the child, in the child's home, cannot be provided the quality of care and level of support and supervision that the child needs to meet the conditions of probation[.]

TEX.FAM.CODE ANN. § 54.05(m).

We review the disposition portion of the trial court's modification order for abuse of

discretion. *In re E.D.*, 127 S.W.3d 860, 863 (Tex.App.--Austin 2004, no pet.).

*Analysis*

Because Appellant pleaded true to the probation violation allegations and does not

challenge the validity of his plea, we need only review the disposition portion of the trial court's

modification order.

Appellant argues that the trial court abused its discretion by imposing a more restrictive

probation condition when a spectrum of other probation options were available. However, there

is no requirement that the juvenile court "exhaust all possible alternatives" prior to committing a

juvenile to an out-of-home placement. *See In re J.A.M.*, No. 04–07–00489–CV, 2008 WL

723327, at *2 (Tex.App.--San Antonio Mar. 19, 2008, no. pet.)(mem. op.). Here, the record

shows that the juvenile court did not abuse its discretion in placing Appellant in the Challenge

Academy. Although Appellant was never placed into a Level 4 or Level 5 program prior to

being sentenced to the Challenge Academy, nor was he placed into CAAP or APECs, Officer

4

Lozano testified that ISP and the Drug Court both recommended that Appellant be placed at the Challenge Academy.

Additionally, the record shows that reasonable efforts were made to prevent or eliminate the need for the child's removal from the home. Appellant was transferred from his high school to the Delta Academy alternative school, and the juvenile court previously modified his probation to order electronic monitoring in lieu of confinement, but Appellant continued to violate time-and-place probation restrictions. The record also shows that Appellant's home could not provide the quality of care and level of support and supervision he needed. Although Officer Lozano testified that Appellant's mother and stepfather were not contributing to his delinquency, Officer Porter testified Appellant consistently refused to obey their orders, acted disrespectful to his mother, continued to violate probation restrictions, and continued to use marijuana. The trial court is in the best position to determine a parent's ability to follow through on a promise to adequately supervise the juvenile. *In re K.E.*, 316 S.W.3d 776, 781 (Tex.App.--Dallas 2010, no pet.); *see also In re D.E.*, No. 04-12-00600-CV, 2013 WL 2645527, at *3 (Tex.App.--San Antonio June 12, 2013, no pet.)(mem. op)(trial court does not abuse discretion in ordering an out-of-home probation placement where juvenile continues drug use and parents are unable to control behavior).

As the Texas Supreme Court has noted, "the statute allows a trial court to decline third and fourth chances to a juvenile who has abused a second one." *In re J.P.*, 136 S.W.3d 629, 633 (Tex. 2004). The juvenile court in this case had substantial discretion in modifying the terms of Appellant's probation, and it had sufficient information it could use to guide the exercise of its discretion. We cannot say on the record before us that the trial court acted arbitrarily or without guiding principles in ordering Appellant into the Challenge Academy.

5

Issue One is overruled.  The judgment of the trial court is affirmed.


January 29, 2015

                                        YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.