

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| | § | No. 08-14-00001-CV |
| In the Matter of | § | |
| | | Appeal from the |
| C.J.B., | § | |
| | | County Court |
| A Juvenile. | § | |
| | | of Crane County, Texas |
| | § | |
| | | (TC# 363) |
| | § | |

## **O P I N I O N**

Appellant C.J.B., a minor, pleaded true to two separate counts of delinquency at separate times: a misdemeanor offense (making a terrorist threat against a public servant, TEX.PENAL CODE ANN. § 22.07(c)(2)(West 2011)) and a felony offense (assault on a public servant, TEX.PENAL CODE ANN. §§ 22.01(a)(1), (b)(1)(West Supp. 2014)). The trial court placed C.J.B. on supervision and ordered treatment. After Appellant failed to complete treatment, the State moved to revoke supervision for both charges and requested he be committed to the Texas Juvenile Justice Department. In a consolidated hearing, the trial court granted the request and ordered him incarcerated at TJJD.[1] C.J.B. appealed. In this cause number, we address the trial

---

[1] The trial court issued two judgments ordering Appellant incarcerated at TJJD. Each judgment corresponded with the original underlying charges to which Appellant pleaded true.

court's ability to sentence Appellant to TJJD only insofar as it related to the misdemeanor charge.

In Issue One, Appellant contends that the order at bar is void because the trial court had no authority to order him committed to TJJD for violation of a supervision term relating to a misdemeanor charge. The State concedes that the trial court had no authority to order Appellant into TJJD for the misdemeanor. We agree with Appellant and the State, and find that the trial court imposed an illegal sentence to the extent that it ordered Appellant committed to TJJD for the misdemeanor charge. *See* TEX.FAM.CODE ANN. § 54.05(f)(West 2014)(allowing for TJJD incarceration for felony offenses); *In re J.M.*, 287 S.W.3d 481, 490-91 (Tex.App.--Texarkana 2009, no pet.)(noting that order erroneously stated that misdemeanor theft could support TJJD incarceration).

We therefore vacate the disposition order and remand the cause for a new disposition hearing. It is unnecessary to address Issues Two, Three, and Four. We reserve our discussion on the propriety of the second TJJD order and on Appellant's ultimate disposition for Cause No. 364.

April 29, 2015

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.

2