

# NUMBER 13-19-00581-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

## IN THE MATTER OF G.B., A CHILD

---

### On appeal from the County Court
### of Goliad County, Texas.

---

## MEMORANDUM OPINION

### Before Justices Longoria, Hinojosa, and Tijerina
### Memorandum Opinion by Justice Hinojosa

Appellant G.B.,[1] a juvenile, appeals the trial court's order modifying the terms of

his disposition and committing him to the Texas Juvenile Justice Department (TJJD). *See*

TEX. FAM. CODE ANN. § 54.05. In one issue, G.B. argues the trial court abused its

discretion by committing him to TJJD because there is insufficient evidence supporting

---

[1] We refer to appellant and his family by their initials as required by statute and to protect their privacy. *See* TEX. FAM. CODE ANN. § 56.01(j) ("Neither the child nor his family shall be identified in an appellate opinion rendered in an appeal or habeas corpus proceedings related to juvenile court proceedings under this title.").

the trial court's statutory findings. We affirm.

## I.     BACKGROUND

The State filed a petition alleging that G.B. engaged in delinquent conduct by committing the offense of burglary of a habitation. *See id*. § 51.03 (defining "delinquent conduct"). Following a hearing, the trial court adjudicated G.B. as having engaged in delinquent conduct. *See id*. § 54.03 ("Adjudication Hearing"). After a separate disposition proceeding, the juvenile court placed G.B. on probation for seventeen months. *See id*. § 54.04 ("Disposition Hearing").

Three months later, the State filed a motion to modify disposition alleging that G.B. violated his community supervision conditions by: running away from home; committing "vandalism/theft" of property; being disrespectful to school staff; refusing to do school work; testing positive for marijuana; and failing to complete an essay discussing the consequences of having a criminal history. Following a hearing on the State's motion, the trial court modified G.B.'s disposition by placing him in the Judge Ricardo H. Garcia Regional Juvenile Detention Facility-Residential Services (juvenile detention) for 180 days. *See id*. § 54.05 ("Hearing to Modify Disposition").

Following G.B.'s release from juvenile detention, the State filed a second motion to modify disposition alleging that G.B. violated the conditions of community supervision by: associating with another juvenile probationer; failing to report to his juvenile probation officer; running away from home; having nine unexcused absences from school; attempting to falsify a drug screening by presenting toilet water; and smoking marijuana. This time, the State requested that the trial court commit G.B. to TJJD.

2

At the hearing on the State's second motion to modify, the State abandoned the allegation that G.B. associated with another juvenile probationer, and G.B. pleaded true to the remaining violations. The trial court found that G.B. violated his community supervision conditions and then received evidence regarding the appropriate modification. *See id.*

Abby Vargas, a juvenile probation officer for Victoria and Goliad counties, testified that G.B. successfully completed a thirty-day substance abuse treatment program prior to his adjudication. Vargas stated that G.B. was previously committed to a juvenile detention facility where he successfully completed his program. However, based on G.B.'s continued violations following his release, Vargas recommended that G.B. be committed to TJJD. Vargas explained that G.B.'s continued violations "pose dangerous risks to himself and to the community." She maintained that G.B. would benefit from a placement where he would receive "mandatory counseling, continued education[,] and independent living programs." Vargas stated that G.B.'s home environment does not provide the level of support needed as indicated by "his unwillingness to submit to supervision." It was Vargas's opinion that there was no suitable placement for G.B. except for TJJD. Vargas agreed with the statement of an examining psychologist that G.B.'s "minimization of his responsibility, his continued drug use[,] and behavioral problems suggest that he is at risk for continued and possibly increasing behavioral problems without more intensive interventions."[2]

---

[2] The psychologist's report does not appear in the record. However, G.B. did not object when excerpts from the report were read into the record.

3

E.B., G.B.'s twenty-year-old sister, testified that she resided with G.B. along with their father and an older brother. E.B. explained that she helps raise G.B. because their father has physical limitations. E.B. stated that her new work schedule—"four days on, four days off"—would allow her to help G.B. complete a home study course.

The trial court signed an order modifying disposition and committing G.B. to TJJD. In its order, the trial court made the following findings:

> The Court finds that reasonable efforts have been made to prevent or eliminate the need for the child to be removed from [his] home, and to make it possible for the child to return to [his] home. . . .
>
> The Court after considering the finding of a validated risk and needs assessment and any other appropriate professional assessments available to the court finds that the child has behavioral health and/or other special needs that cannot be met with resources available in the community.
>
> The Court further finds that the child, in the child's home, cannot be provided the quality of care and level of support and supervision that the child needs to meet the conditions of probation and placement outside the home is necessary.
>
> The Court finds that the best interests of [G.B.] and the community will be served by placing [G.B.] outside [his] home and committing [G.B.] to the care, custody and control of [TJJD].

G.B. filed a motion for new trial, which was overruled by operation of law. This appeal followed.

## II.    DISCUSSION

In his sole issue, G.B. argues the trial court abused its discretion in committing him to TJJD because its findings were not supported by legally sufficient evidence.

### A.    Standard of Review & Applicable Law

The Juvenile Justice Code, codified in sections 51.01 through 61.107 of the Texas

Family Code, governs all proceedings in cases involving the delinquent conduct of children. *In re J.G.*, 495 S.W.3d 354, 362 (Tex. App.—Houston [1st Dist.] 2016, pet. denied) (citing TEX. FAM. CODE ANN. §§ 51.01–61.107). A trial court's modification of a juvenile disposition is governed by § 54.05 of the family code. *In re W.B.G.*, 598 S.W.3d 367, 371 (Tex. App.—Texarkana 2020, no pet.) (citing TEX. FAM. CODE ANN. § 54.05). Section 54.05 permits a trial court to modify the disposition and commit a juvenile to TJJD when, as here, a juvenile's prior disposition is based on a finding that the juvenile engaged in a felony offense and the trial court finds by a preponderance of the evidence that the juvenile violated a reasonable and lawful order of the court. TEX. FAM. CODE ANN. § 54.05(f); *see In re C.J.B.*, 463 S.W.3d 626, 630–31 (Tex. App.—El Paso 2015, no pet.). Under this section, the trial court is not required to exhaust all possible alternatives to commitment before it modifies a disposition and commits a juvenile to TJJD. *In re M.O.*, 451 S.W.3d 910, 915 (Tex. App.—El Paso 2014, no pet.). When committing a juvenile to TJJD, the trial court must include in its order a determination that:

(A)     it is in the child's best interests to be placed outside the child's home;

(B)     reasonable efforts were made to prevent or eliminate the need for the child's removal from the child's home and to make it possible for the child to return home; and

(C)     the child, in the child's home, cannot be provided the quality of care and level of support and supervision that the child needs to meet the conditions of probation[.]

TEX. FAM. CODE ANN. § 54.05(m)(1). These statutory findings are essential, but other evidence may also justify a trial court's order. *In re E.K.G.*, 487 S.W.3d 670, 676 (Tex. App.—San Antonio 2016, no pet.).

A trial court has broad discretion to determine a suitable disposition for a juvenile found to have engaged in delinquent conduct, particularly in proceedings involving modification. *In re J.P.*, 136 S.W.3d 629, 633 (Tex. 2004); *In re P.E.C.*, 211 S.W.3d 368, 370 (Tex. App.—San Antonio 2006, no pet.). A trial court abuses its discretion when it acts arbitrarily or unreasonably or without reference to guiding rules or principles. *In re P.E.C.*, 211 S.W.3d at 370. No abuse of discretion occurs when a trial court bases its decisions on conflicting evidence. *In re B.N.F.*, 120 S.W.3d 873, 877 (Tex. App.—Fort Worth 2003, no pet.). Likewise, an abuse of discretion does not occur as long as some evidence of substantive and probative character supports the trial court's findings. *Id*. Here, G.B. argues the trial court's findings are not supported by legally sufficient evidence. Evidence is legally sufficient if it would enable reasonable and fair-minded people to reach the finding under review. *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). We view the evidence in the light most favorable to the challenged finding, indulging every reasonable inference that would support it and disregarding contrary evidence unless a reasonable factfinder could not. *Id*. at 822. Evidence is legally insufficient to support a disputed fact finding when (1) evidence of a vital fact is absent, (2) rules of law or evidence bar the court from giving weight to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a mere scintilla, or (4) the evidence conclusively establishes the opposite of the vital fact. *Id*. at 810.

**B.  Analysis**

G.B. first challenges the legal sufficiency of the evidence supporting the following

finding:

> The Court after considering the finding of a validated risk and needs assessment and any other appropriate professional assessments available to the court finds that the child has behavioral health and/or other special needs that cannot be met with resources available in the community.

We note that this finding tracks the language of § 54.04013 of the family code. TEX. FAM. CODE ANN. § 54.04013. However, this section explicitly applies to a commitment made "after a disposition hearing held in accordance with [§] 54.04. . . ." *Id*. Here, G.B. appeals from an order modifying his disposition, which is governed by § 54.05 of the family code. *See id*. § 54.05. Therefore, we conclude that § 54.04013 is inapplicable and the trial court was not required to make the challenged finding. Further, because an immaterial finding of fact is harmless and not grounds for reversal, we need not address whether there is legally sufficient evidence supporting this finding. *See* TEX. R. APP. P. 47.1; *Cooke Cnty. Tax Appraisal Dist. v. Teel*, 129 S.W.3d 724, 731 (Tex. App.—Fort Worth 2004, no pet.) (op. on reh'g); *see also Brandon v. Wells Fargo Bank, N.A.,* No. 13-18-00393-CV, 2020 WL 2776714, at *1 (Tex. App.—Corpus Christi–Edinburg May 28, 2020, no pet.) (mem. op).

Next, G.B. argues there is legally insufficient evidence supporting the trial court's finding that his home could not provide the quality of care and level of support that he needs to meet the conditions of his probation. *See* TEX. FAM. CODE ANN. § 54.05(m)(1)(C). In support of his argument, G.B. states that the evidence shows that he "values and acts upon the good advice and support that his entire family gives him." While this may be true, there is also evidence that G.B.'s father has physical limitations and requires assistance to supervise G.B. In that regard, G.B.'s older sister would be largely

7

unavailable to assist in his supervision during the days she is doing shift work. Further, despite multiple opportunities for in-home probation, G.B. repeatedly violated his community supervision conditions. Initially, these violations included: running away from home; committing vandalism and theft, failing to complete schoolwork, and using marijuana. Even after serving time in a juvenile detention facility, G.B. continued to violate his community supervision conditions by running away from home, failing to attend school, and using marijuana. Finally, according to an examining psychologist, G.B. is "at risk for continued and possibly increasing behavioral problems without more intensive interventions."

Viewing the evidence in the light most favorable to the trial court's finding, we conclude that a reasonable and fair-minded factfinder court could have determined that G.B.'s home could not provide the quality of care and level of support that G.B. needs to meet the conditions of his probation. *See In re J.M.D.D.L.C.*, 457 S.W.3d 205, 208 (Tex. App.—El Paso 2015, no pet.) (concluding that the trial court's "level of support" finding was supported by sufficient evidence where juvenile "consistently refused to obey [parents'] orders, acted disrespectful to his mother, continued to violate probation restrictions, and continued to use marijuana"); *see also In re D.L.S.W.*, No. 04-18-00807-CV, 2019 WL 2518157, at *3 (Tex. App.—San Antonio June 19, 2019, no pet.) (mem. op.) (concluding same where the juvenile continued to disregard her probation conditions while in the home); *In re J.K.R.*, No. 08-03-00406-CV, 2004 WL 805004, at *4 (Tex. App.—El Paso Apr. 15, 2004, no pet.) (mem. op.) (concluding same where the juvenile continued to run away from home and use drugs, despite the fact that the juvenile's

8

parents attempted to participate in his rehabilitation). Because the trial court's statutory finding is supported by legally sufficient evidence, it did not abuse its discretion in modifying G.B.'s disposition and committing him to TJJD. *See In re J.P.,* 136 S.W.3d at 633. We overrule G.B.'s sole issue.

### III. CONCLUSION

We affirm the trial court's judgment.

LETICIA HINOJOSA
Justice

Delivered and filed on the
22nd day of July, 2021.