

# NUMBER 13-24-00045-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN THE MATTER OF N.R.W.

## ON APPEAL FROM THE 156TH DISTRICT COURT
## OF BEE COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Tijerina and Peña**
**Memorandum Opinion by Justice Peña**

We handed down our memorandum opinion and judgment in this cause on August 15, 2024. On August 29, 2024, the State filed motions for rehearing and en banc reconsideration. We hereby deny both motions; however, we withdraw our memorandum opinion and judgment of August 15, 2024, and substitute the following memorandum opinion and accompanying judgment in their place.

Appellant N.R.W.[1] appeals the juvenile court's order modifying his disposition and committing him to the Texas Juvenile Justice Department (TJJD). *See* TEX. FAM. CODE ANN. § 54.05. In one issue, N.R.W. argues that the juvenile court abused its discretion because there is no evidence supporting the court's statutory findings and "continued probation or further residential treatment" is a "more suitable disposition considering [his] needs."[2] We reverse and remand.

## I. BACKGROUND

A jury found that N.R.W. engaged in delinquent conduct by committing the felony offense of attempting to take a firearm from a peace officer and the misdemeanor offense of resisting arrest. *See* TEX. PENAL CODE ANN. §§ 38.03, .14; *see also* TEX. FAM. CODE ANN. § 51.03 (defining "delinquent conduct"). After a disposition hearing, the juvenile court committed N.R.W. to TJJD. *See* TEX. FAM. CODE ANN. § 54.04 ("Disposition Hearing"). It later granted N.R.W.'s motion to reconsider and vacate disposition and placed him on community supervision on the condition that he be admitted to the Judge Mario E. Ramirez Jr. Juvenile Justice Center's Boot Camp Facility (boot camp) until successfully discharged or released by the court.

Just over a month later, the State filed a petition to modify disposition alleging that N.R.W. was discharged from boot camp for program non-compliance. At the hearing, N.R.W. was not asked whether he pleaded true or not true to violating the conditions of his community supervision. A stipulation of evidence was filed with the trial court, which

---

[1] We refer to appellant and his family by their initials as required by statute and to protect their privacy. *See* TEX. FAM. CODE ANN. § 56.01(j) ("Neither the child nor his family shall be identified in an appellate opinion rendered in an appeal or habeas corpus proceedings related to juvenile court proceedings under this title.").

[2] The State did not file an appellee's brief in this matter to assist the Court.

N.R.W. refused to sign. The stipulation was not admitted as an exhibit at the hearing. However, the stipulation included documentation of his numerous infractions while at boot camp. In addition to multiple incidents of refusal to comply with orders and program rules, N.R.W. assaulted another juvenile by punching him in the jaw.

James Lill, a probation officer, testified that he is in charge of N.R.W.'s case. He prepared a social history which was "received" by the juvenile court.[3] Lill stated that N.R.W. received a "write-up" on his first day at boot camp and received eight more write-ups over the next eleven days. Lill explained that N.R.W. refused to participate in the program. He also stated that N.R.W. assaulted another juvenile at the boot camp.

The State recommended that N.R.W. be sentenced to TJJD, while N.R.W. requested that he continue on probation in his home. The juvenile court modified N.R.W.'s disposition and sentenced him to TJJD.[4]  This appeal followed.

## II.    DISCUSSION

### A.    Standard of Review & Applicable Law

The Juvenile Justice Code, codified in §§ 51.01 through 61.107 of the Texas Family Code, governs all proceedings in cases involving the delinquent conduct of children. *In re J.G.*, 495 S.W.3d 354, 362 (Tex. App.—Houston [1st Dist.] 2016, pet. denied) (citing TEX. FAM. CODE ANN. §§ 51.01–61.107). A trial court's modification of a juvenile disposition is governed by § 54.05 of the family code. *In re W.B.G.*, 598 S.W.3d

---

[3] The social history does not appear in the appellate record. According to the court reporter, the exhibit was "reviewed by court only; not admitted."

[4] N.R.W. was adjudicated for having committed both a felony and a misdemeanor offense. However, his commitment to TJJD is supported by only the felony offense. *See* TEX. FAM. CODE ANN. § 54.05(f); *In re C.J.B.*, 463 S.W.3d 625 (Tex. App.—El Paso 2015, no pet.) (concluding that committing a juvenile to TJJD for violation of a community supervision term relating to a misdemeanor charge is an illegal sentence); *In re J.M.*, 287 S.W.3d 481, 490–91 (Tex. App.—Texarkana 2009, no pet.) (noting that trial court's order erroneously stated that misdemeanor theft could support TJJD incarceration).

367, 371 (Tex. App.—Texarkana 2020, no pet.) (citing TEX. FAM. CODE ANN. § 54.05).

Section 54.05 permits a trial court to modify the disposition and commit a juvenile to TJJD when, as here, a juvenile's prior disposition is based on a finding that the juvenile engaged in a felony offense and the trial court finds by a preponderance of the evidence that the juvenile violated a reasonable and lawful order of the court. TEX. FAM. CODE ANN. § 54.05(f); *see In re C.J.B.*, 463 S.W.3d 626, 630–31 (Tex. App.—El Paso 2015, no pet.). Under this section, the trial court is not required to exhaust all possible alternatives to commitment before it commits a juvenile to TJJD. *In re M.O.*, 451 S.W.3d 910, 915 (Tex. App.—El Paso 2014, no pet.). But when committing a juvenile to TJJD, the trial court must include in its order a determination that:

> (A) it is in the child's best interests to be placed outside the child's home;
>
> (B) reasonable efforts were made to prevent or eliminate the need for the child's removal from the child's home and to make it possible for the child to return home; and
>
> (C) the child, in the child's home, cannot be provided the quality of care and level of support and supervision that the child needs to meet the conditions of probation . . . .

TEX. FAM. CODE ANN. § 54.05(m)(1).

A trial court has broad discretion to determine a suitable disposition for a juvenile found to have engaged in delinquent conduct, particularly in proceedings involving modification. *In re J.P.*, 136 S.W.3d 629, 633 (Tex. 2004); *In re P.E.C.*, 211 S.W.3d 368, 370 (Tex. App.—San Antonio 2006, no pet.). A trial court abuses its discretion when it acts arbitrarily or unreasonably or without reference to guiding rules or principles. *In re P.E.C.*, 211 S.W.3d at 370. No abuse of discretion occurs when a trial court bases its decisions on conflicting evidence. *In re B.N.F.*, 120 S.W.3d 873, 877 (Tex. App.—Fort

4

Worth 2003, no pet.). Likewise, an abuse of discretion does not occur as long as some evidence of substantive and probative character supports the trial court's findings. *Id.* However, a juvenile court abuses its discretion if it commits a child to TJJD in the absence of evidence to support the findings required by § 54.05(m) of the family code. *In re E.K.G.*, 487 S.W.3d 670, 675–76 (Tex. App.—San Antonio 2016, no pet.) (citing *In re K.T.*, 107 S.W.3d 65, 77 (Tex. App.—San Antonio 2003, no pet.) (Stone, J., concurring)).

Here, N.R.W. challenges the legal sufficiency of the evidence, arguing that there is "no evidence" supporting the juvenile court's statutory findings. Evidence is legally sufficient if it would enable reasonable and fair-minded people to reach the finding under review. *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). Evidence is legally insufficient to support a disputed fact finding when (1) evidence of a vital fact is absent, (2) rules of law or evidence bar the court from giving weight to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a mere scintilla, or (4) the evidence conclusively establishes the opposite of the vital fact. *Id.* at 810. We view the evidence in the light most favorable to the challenged finding, indulging every reasonable inference that would support it and disregarding contrary evidence unless a reasonable factfinder could not. *Id.* at 822.

## B.    Analysis

We first address N.R.W.'s contention that there is legally insufficient evidence supporting the juvenile court's finding that "the child, in the child's home, cannot be provided the quality of care and level of support and supervision that the child needs to

meet the conditions of probation."[5] TEX. FAM. CODE ANN. § 54.05(m)(1)(C). N.R.W. asserts that "the juvenile's parents were present at hearings and there is no evidence they refused to accept the juvenile into their home, or that [they] felt unable to control the juvenile's behavior."

The evidence presented at the modification hearing was minimal and limited to establishing that N.R.W. was discharged from boot camp for non-compliance. The State presented no evidence concerning the quality of care and level of support and supervision provided by N.R.W.'s parents in the home. For instance, there was no evidence that N.R.W. was disobedient in the home, that he had a troubled relationship with his parents, or that he would likely violate his probation conditions in the home. *Cf. In re C.J.B.*, 463 S.W.3d at 632 (concluding that the trial court's "quality of care and level of support" finding was supported by sufficient evidence where the record demonstrated that the juvenile had a difficult relationship with parents and struggled with conditions of probation); *In re J.M.D.D.L.C.*, 457 S.W.3d 205, 208 (Tex. App.—El Paso 2015, no pet.) (same where juvenile "consistently refused to obey [parents'] orders, acted disrespectful to his mother, continued to violate probation restrictions, and continued to use marijuana"); *In re K.J.N.*, 103 S.W.3d 465, 466 (Tex. App.—San Antonio 2003, no pet.) (same where juvenile was placed on probation at home under mother's supervision and reoffended a month later); *see also In re D.L.S.W.*, No. 04-18-00807-CV, 2019 WL 2518157, at *3 (Tex. App.—San

---

[5] We note that the juvenile court did not explicitly make this finding, which is a mandatory statutory requirement. *See In re C.J.B.*, 463 S.W.3d 626, 631 (Tex. App.—El Paso 2015, no pet.); *In re J.M.*, 287 S.W.3d 481, 489 (Tex. App.—Texarkana 2009, no pet.). Normally, when a juvenile court does not make statutorily required findings, we will not reverse for a new modification hearing, but, rather, remand to the juvenile court with instructions to render a proper modification order. *See In re J.M.*, 287 S.W.3d at 489 (citing *K.K.H. v. State*, 612 S.W.2d 657, 658 (Tex. App.—Dallas 1981, no writ)). However, for the sake of judicial economy, and because N.R.W. does not assign error to the lack of an explicit finding, we will address whether the evidence is legally sufficient to support such a finding.

6

Antonio June 19, 2019, no pet.) (mem. op.) (same where the juvenile continued to disregard her probation conditions while in the home). Neither was there evidence that N.R.W.'s parents were unwilling or unable to care for N.R.W. in the home. *See In re C.J.B.*, 463 S.W.3d at 632 (noting mother's unwillingness and inability to care for juvenile). Absent any evidence supporting the "level of support" finding, we conclude the trial court abused its discretion in committing N.R.W. to TJJD. *See In re E.K.G.*, 487 S.W.3d at 675–76; *see also In re J.S.*, 993 S.W.2d 370, 374 (Tex. App.—San Antonio 1999, no pet.) (concluding that the juvenile court abused its discretion in committing juvenile to TJJD where "[t]here was no evidence that [juvenile's] father could not provide the quality of care and level of support and supervision which [juvenile] needed"); *In re A.S.*, 954 S.W.2d 855, 863 (Tex. App.—El Paso 1997, no pet.) (same where the only evidence consisted of the juvenile's commission of the underlying offense and violation of his mother's curfew). We sustain N.R.W.'s sole issue.

### III.    CONCLUSION

We reverse the trial court's judgment and remand for a new disposition hearing. *See* TEX. FAM. CODE ANN. § 56.01(i).

L. ARON PEÑA JR.
Justice

Delivered and filed on the
26th day of September, 2024.